```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 09-61234-CIV-DIMITROULEAS/SNOW
```

EMILIO PINERO,

      Plaintiff,

v.

MICHAEL AND SONIA
COHEN REV. LIV. TRUST,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Verified Application for Attorney's Fees, Costs and Expenses (DE 24), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation. The motion is fully briefed and ripe for consideration.

### I. BACKGROUND

This action was filed pursuant to the Americans with Disabilities Act (ADA), 21 U.S.C. § 12181, et seq., seeking injunctive relief, fees and costs. On January 11, 2010, the parties entered into a Confidential Settlement Agreement, reserving the plaintiff's right to submit to the Court his claim for attorney's fees, expert fees, litigation expenses and costs. On January 12, 2010, the parties filed a Joint Stipulation of Dismissal With Prejudice, with the Court retaining jurisdiction to rule on the plaintiff's fee petition. The parties' efforts to reach an

agreement on the amount of fees and expenses to be awarded were not successful.

The instant motion seeks attorney's fees in the amount of $7,762.50, computed at the rate of $225.00 per hour for 34.5 hours. In support of this request, the plaintiff has submitted the affidavit of Cynthia K. Mitchell, Esq.  Ms. Mitchell avers that she has been licensed to practice law in the State of Florida and this federal District since 2002, during which time she has handled civil rights and discrimination actions for plaintiffs and defendants. Ms. Mitchell states that she has been lead counsel for both plaintiffs and defendants in more than 300 ADA cases, and has participated in 3 trials in federal court.  Her current hourly rate is $325, and she has been awarded fees at the rates of $295 and $250 per hour in ADA cases.  Ms. Mitchell avers that attorney's fees at the rate of up to $385 per hour have been awarded in ADA cases in this District.  According to Ms. Mitchell, the hourly rate of $225 per hour claimed by plaintiff's counsel is within the range of the prevailing market in the legal community for similar services by lawyers of comparable experience, and the hours claimed by counsel were reasonable. (DE 24, Ex. D)

The plaintiff also seeks costs in the amount of $2,917.00, consisting of:

    a) Filing fee - $350,

    b) Service of process - $61.00,

    c) Expert witness fee - $2,500.00 and

    d) Photocopies - $6.00.

  In their response (DE 28), defendant contends that both the hourly rate and the hours claimed by counsel for the plaintiff are excessive.  The defendant also asserts that the expert fee is insufficiently documented and excessive, and that the plaintiff has failed to establish that the photocopies were used for litigation rather than for the convenience of counsel.

II. <u>RECOMMENDATIONS OF LAW</u>

A. <u>Attorney's Fees</u>

  This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  <u>Id.</u> at 433.

  The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended."  <u>Id.</u> at 433-34.  Therefore, counsel for the prevailing

3

party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434. Moreover, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman held that the district court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984).

> The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under

4

> similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299 (citations omitted).

Once the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained:

> If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised. The vindication of a constitutional right is important even if only a small amount of money is involved.

Id. at 1302 (citations omitted).

### 1. Hourly Rate

The defendant contends that the hourly rate charged by counsel for the plaintiff was excessive, pointing out that there is

no information in the record reflecting the number of years plaintiff's counsel, Lauren Wassenberg, Esq., has been practicing law. The defendant states that the Florida Bar website indicates that Ms. Wassenberg was admitted to practice in Florida in February 2007. Additionally, although the plaintiff's motion indicates that counsel has participated in 30 similar cases, there is no other information pertaining to her expertise, trial experience or other qualifications. The defendant suggests that an hourly rate of $175.00 would be more appropriate.

Based on a review of the record in this cause, the affidavit of Cynthia K. Mitchell, Esq., and the Court's experience with fee awards in ADA cases in this District, the undersigned finds that the hourly rate claimed by plaintiff's counsel is reasonable and within the range of rates charged in the South Florida community for similar services by lawyers of reasonably comparable skills, experience and reputation. Accordingly, fees should be awarded at the rate of $225 per hour.

2. <u>Hours Expended</u>

The defendant contests the hours claimed by the plaintiff's counsel based on several grounds. It claims that some items were "block billed" so that it is impossible to determine the time spent on each task; the time billed for some tasks was excessive because the task involved the use of form documents, were clerical tasks or otherwise should have taken less time; some items

were billed in error, and some were billed after the time when counsel for the plaintiff agrees to stop billing.

      a) <u>Block Billing</u>

The defendant challenges the following entries on the grounds that it is not possible to ascertain how much time was allotted to each task:

      (1) July 27, 2009: 1 hour billed for intake meeting, set-up of file, review of barriers on premises (defendant also contends that set-up is a clerical task that should not have been billed by counsel);

      (2) August 7, 2009: 2.25 hours billed for ADA research, property ownership research, corporate status and prior actions;

      (3) October 17, 2009: 1.25 hours billed for telephone call with defense counsel re: inspection date, fax to defense counsel, telephone call with expert, email to expert (defendant also states that the inspection was not discussed by counsel until November 2, 2009);

      (4) November 4, 2009: 1.25 hours billed for receipt and review of NOA, preparation of status report re: show cause order, receipt and review of letter from defense counsel enclosing motion for extension of time;

      (5) November 20, 2009: 1.75 hours billed for receipt and review of ADA inspection report and photos, telephone call with

expert, telephone call with the plaintiff, email to defense counsel enclosing report;

(6) December 2, 2009: 1.5 hours billed for telephone call with and email from defense counsel, telephone call with expert, responsive email sent to defense counsel;

(7) December 4, 2009: .5 hours billed for telephone call with defense counsel re: concessions, forward email from defense counsel to expert;

(8) December 23, 2009: 1.25 hours billed for preparation and service of deposition notice, request for production and interrogatories, preparation of letter to defense counsel forwarding same, receipt of email from defense counsel (defendant also argues that most of these tasks appear to have been performed by a paralegal and should not have been billed by counsel);

(9) December 24, 2009: 1.5 hours billed for settlement agreement, telephone call to the plaintiff re: settlement (defense counsel also contends that the settlement agreement is a form used in counsel for the plaintiff's other cases and that these items were billed after the time that counsel stated that she would cease billing), and

(10) January 18, 2010: 2.75 hours billed for legal research, preparation of a billing statement, review of billing file and drafting the application for fees (counsel for the defendant

also states that this item was billed after counsel for the plaintiff stated that she would cease billing).

In her reply memorandum (DE 29), counsel for the plaintiff provides adequate explanations for the time spent on the various tasks that the defendant challenge on the basis that they were "block billed," and no reduction in the hours claimed is warranted on this basis.  The plaintiff also responds to the defendant's other challenges to these entries:

(1) July 27, 2009: Defendant argues that set-up of file is a clerical task. Ms. Wassenberg states that the set-up requires the legal function of determining specific violations;

(3) October 17, 2009: Defendant states that the inspection was not discussed by counsel until November 2, 2009.  Ms. Wassenberg states the inspection was confirmed on that date, but was set up on October 17, 2009;

(8) December 23, 2009: Defendant also arques that most of these tasks appear to have been performed by a paralegal.  Ms. Wassenberg states that she was traveling abroad on that date and dictated to her paralegal a letter to defense counsel regarding documents that had been prepared by counsel prior to her trip. Counsel stated that she billed for her own time, not for the paralegal's time spent typing the letter and forwarding it.

(9) December 24, 2009: Defense counsel contends that the settlement agreement is a form used in counsel for the plaintiff's other cases and that these items were billed after the time that counsel stated that she would cease billing.  Ms. Wassenberg states that the amount of time billed was time actually spent on preparing the settlement agreement and discussing it with her client.  She also avers that she never agreed to cease billing after December 2, 2009.  Rather, she referred to the cessation of discovery if a settlement were to be reached.

(10) January 18, 2010: The defendant again states that this was billed after the date on which counsel for the plaintiff agreed to cease billing, and Ms. Wassenberg reiterates her position that there was no such agreement.

The undersigned accepts Ms. Wassenberg's representations regarding these items, and finds that she is entitled to the fees claimed.

(b) <u>Excessive Time</u>

Next, the defendant argues that some of the items billed involved more time than was required to perform the tasks in question:

(1) August 4, 2009: 2.5 hours claimed for inspection of the premises.  The defendant states that excessive travel time is not compensable.  Counsel for the plaintiff states that the travel

time from her office to the subject premises is one hour, and that the two hours travel time claimed are not excessive.

(2) August 6, 2009: 1.5 hours for review of expert's pre-litigation report, research code violation sections.  The defendant asserts that the instant action likely was similar to the 33 other cases filed by plaintiff's counsel, so the report and violations were not likely to have been novel.  Counsel for the plaintiff points out that violations vary from premises to premises and the specific allegations in each case must be researched.

(3) August 10, 2009: 1.25 hours for preparation of summons, complaint and civil cover sheet.  Defendant contends that these forms are virtually identical to others filed on behalf of this plaintiff.  Ms. Wassenberg replies that pleadings vary from case to case based upon the number of parties, their relationship and responsibility under the ADA, as well as the specific barriers alleged, and these differences account for the time spent in drafting pleadings.

(4) August 11, 2010: 1.75 hours spent in filing summons and complaint in court.  The defendant asserts that this is strictly a clerical task which required no legal skill or analysis.  Ms. Wassenberg responds that until the change of rules regarding the filing of pleadings in this district, pleadings had to be filed by hand, which required a trip from her office and time spent filing.

11

(5) August 11, 2009: .25 hours spent receiving and reviewing Pacer order re: certification of counsel. Defendant points out that this is a form order issued in all ADA cases. Ms. Wassenberg replies that the time spent was not excessive because she also was required to enter the response date, pull the file, document the file, make notes in the file, etc.

(6) August 14, 2009: .25 hours for receipt and review of Pacer order re: joint scheduling report. The defendant's objection and the plaintiff's reply are the same as for (5), above.

(7) September 8, 2009: .75 hours for preparation of certification of counsel re: prior filings. The defendant states that this is a form filing used in multiple claims filed by this plaintiff. Ms. Wassenberg responds that not all cases require the filing of this certificate, and she always re-checks for prior filings before she signs and e-files the certificate.

(8) September 11, 2009: .5 hours for letter to process server. The defendant states that this is likely a form used in the processing of multiple claims filed by this plaintiff, and is a clerical function. Ms. Wassenberg argues that the entry was not excessive because she also was required to enter the response date, pull the file, document the file, make notes in the file, etc.

(9) September 14, 2009: .25 hours for receipt and review of affidavit of service. Defendant states that this is a form

affidavit.  Ms. Wassenberg states that she still was required to open the file and document the affidavit.

(10) October 2, 2009: .25 hours for receipt and review of Pacer motion re: unopposed motion for extension of time.  Defendant argues that this was a form motion on which the parties agreed.  Ms. Wassenberg responds that this motion was filed by the defendant prior to retaining counsel and she was not contacted before the motion was filed.  She reviewed the file to determine whether the defendant could file the motion without counsel.

(11) October 5, 2009: .25 hours for receipt and review of Pacer order re: denying motion for extension of time to file answer.  The defendant points out that this was a form order consisting of less than half a page.  Ms. Wassenberg stated that she still was required to enter the response date, pull the file, document the file, make notes in the file, etc.

(12) October 15, 2009: .25 hours for Pacer filing of affidavit of service.  Defendant contends that this is a clerical function.  Ms. Wassenberg states that she reviewed the file to determine whether default judgment should be prepared and filed.

(13) October 26, 2010: .25 hours for receipt and review of Pacer order re: show cause.  Defendant points out that this is a form order issued for lack of prosecution.  Ms. Wassenberg responds that receipt of this Order required a file review and notation of the due date.

(14) November 5, 2009: .25 hours for receipt and review of Pacer Order re: granting of motion for extension of time. Ms. Wassenberg states that she still was required to enter the response date, pull the file, document the file, make notes in the file, etc.

(15) November 6, 2009: 3.5 hours for inspection of the premises. Defendant notes that the inspection lasted only ½ hour. Ms. Wassenberg states that the inspection lasted 40 minutes, that there was travel time to and from her office, a pre-inspection meeting with the expert, and a memorandum to the file prepared and discussed with the plaintiff.

(16) January 7, 2010: .5 hours for two email communications finalizing the settlement agreement. Defendant contends that the time claimed is excessive and that this was billed after counsel for the plaintiff agreed to cease billing. Ms. Wassenberg asserts that .25 hours for each email was reasonable and there was no agreement to cease billing.

(17) January 11, 2010: .25 hours for receipt of email from defense counsel finalizing the settlement agreement. Defendant contends that the time was not reasonable, and Ms. Wassenberg responds that this was billed at the minimum fee.

(18) January 12, 2010: .5 hours for preparation of joint stipulation for dismissal. Defendant states that this is a form document and was billed after counsel agreed to no further billing.

Ms. Wassenberg responds that the time was reasonable and actually incurred.

(19) January 13, 2010: .25 hours for reviewing Pacer order dismissing the case. Defendant contends that this time was excessive and billed after counsel agreed to cease billing. Ms. Wassenberg counters that the time expended was reasonable and actually incurred.

(20) January 27, 2010: .25 hours for receipt and review of Pacer stipulation for substitution of counsel. Defendant contends that this time was excessive and billed after counsel agreed to cease billing. Ms. Wassenberg asserts that the time expended was reasonable and actually incurred.

(21) February 2, 2010: 1.25 hours for finalization of application for attorney's fees and electronic filing of same. Defendant claims that this time was excessive, was billed after counsel agreed to no further billing and is not compensable because it was related to the recovery of fees. Ms. Wassenberg states that the time expended was reasonable and actually incurred.

Regarding the claims for time spent inspecting the premises, including travel time, (1) and (15) above, the undersigned finds that the time claimed was reasonable. Also reasonable is the time claimed for reviewing the expert's report and researching the law pertaining to the violations, (2) above and the time claimed for

15

preparing the summons, complaint and civil cover sheet, (3) above.

With respect to the time claimed for filing the summons and complaint in court, (4) above, the undersigned agrees with defendant that this is a clerical task which should not have been billed as time expended by counsel.  Accordingly, this claim for 1.75 hours must be disallowed.

With regard to items which defendant contend involved forms, the undersigned notes that most of these were billed at .25 hours.  Ms. Wassenberg indicated in her reply memorandum that this is her minimum billing increment. (DE 29)  The undersigned finds that the assignment of .25 hours as the minimum fee is not reasonable, and all charges of .25 hours should be reduced to .1 hours.  This applies to (5)-(6), (9)-(14), (17) and (19)-(20), requiring a reduction of 1.65 hours.

The undersigned finds that the time claimed for the remaining items, (7), (8), (16), (18) and (21), was reasonable.

c) <u>Billing Errors</u>

(1) September 24, 2009: .5 hours for preparation and service and notice to withdraw document.  Ms. Wassenberg concedes that this was an error and no longer claims this amount.

(2) December 17, 2009: 2.0 hours for eight e-mails.  Defendant asserts that there were only two e-mails on this date.  Ms. Wassenberg concedes that this was a billing error.  She states

16

that a total of 8 e-mails were sent on December 2, December 16, December 17, December 22 and December 24, 2010, but all erroneously were billed as having been sent on December 17.

The undersigned finds that the .5 hours claimed in error on September 24, 2009, should be deducted. The claim for 2 hours for 8 e-mails should stand based on the corrected dates submitted by counsel for the plaintiff. The undersigned further finds that there was no agreement by plaintiff's counsel to cease billing after December 2, 2009.

Accordingly, the number of hours claimed by counsel for the plaintiff should be reduced by a total of 3.9 hours.

B. COSTS

The plaintiff seeks costs in the total amount of $2,917.00, pursuant to the provisions of Section 36.505 of the ADA which authorize compensation for litigation expenses and costs. The defendant asserts that the expert fee is insufficiently documented and excessive, and suggests that the court award ½ the fee claimed. Defendant also contends that the plaintiff has failed to establish that the photocopies were used for litigation rather than for the convenience of counsel.

The plaintiff responds that the expert's curriculum vitae and invoice sufficiently document the basis for his fee, and there is no basis for an award of half that amount. The plaintiff does

17

not provide any information regarding the photocopies.

As the expert's fee, the undersigned finds no basis for the reduction requested by the defendant. However, the undersigned notes that the invoice reflects a charge of $2,475.00, not the $2,500 claimed in the plaintiff's bill of costs. Therefore, the plaintiff's claim must be reduced by $25.00.

Regarding the photocopies, the plaintiff has not identified the documents copied or stated the reason why copies were necessary. Accordingly, the claim of $6.00 for photocopies should be disallowed, and the plaintiff's total award should be $31.00 less than the amount claimed. Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1340(M.D.Fla. 2002); Aranda v. Jewish Community Services of South Florida, Inc., 2007 WL 707384 (S.D.Fla. 2007).

### III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the plaintiff's Verified Application for Attorney's Fees, Costs and Expenses (DE 24) be GRANTED, in part, and that the plaintiff be awarded attorney's fees in the amount of $6,885.00 and costs in the amount of $2,886.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which

to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1998), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of June, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
Lauren Nicole Wassenberg, Esq. (P)
Rachel Marie LaMontagne, Esq. (D)